## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **Case No.  17-144 (RDM)** |
| | ) | |
| **JEMEL BROWN,** | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

### DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

Jemel Brown, by his attorney, David W. Bos, Assistant Federal Public Defender, hereby submits the following memorandum in aid of sentencing in this matter.  Pursuant to the sentencing factors set forth in 18 U.S.C. §3553(a) as delineated in *Rita v. United States*, 127 S. Ct. 2456 (2007), *Kimbrough v. United States*, 128 S. Ct. 558 (2007),  *Gall v. United States*, 128 S. Ct. 586 (2007) and *Nelson v. United States*, 555 U.S. 338 (2009), Mr. Brown respectfully requests the Court to impose a sentence of **18 months**, followed by three years of Supervised Release. Mr. Brown submits that the requested sentence is "sufficient, but not greater than necessary, to comply with the purposes" set forth in 18 U.S.C. §3553.  In support of this request, counsel states:

### BACKGROUND

1.  Mr. Bown appears before the Court after having pled guilty to one count of threats to use explosives, in violation of 18 U.S.C. §844(e).

2. The instant charge stems from Mr. Brown placing a call to the Potomac Lanes Bowling Alley and stating "you have five minutes to get out or I'm gonna blow the building up." There was no explosive device and the call was a hoax. Mr. Brown made the call to get the attention of a girlfriend, who was at the bowling alley when he made the call.

3. Mr. Brown was arraigned on the instant indictment on July 21, 2017. Within days of his arraignment, Mr. Brown informed the Government of his willingness to accept responsibility for this conduct in this case, and on September 15, 2017, the Court accepted Mr. Brown's guilty plea. Pursuant to the plea, the Government has agreed to cap its allocution at the low end of the recommended guideline range, which in this case is 33 months.

4. Mr. Brown is just 26 years old. He appears before the Court as a Criminal History VI offender with fourteen criminal history points; eleven of those criminal history points, however, derive from three cases that occurred within 90 days of each other, three months after Mr. Brown turned eighteen years old.

5. Mr. Brown has been under the care of various mental health professionals since the age of seven. Part of his treatment regimen includes the administration of powerful antipsychotic and antidepressant medications. Mr. Brown was not taking his prescribed medications at the time he committed the instant offense.

6. Mr. Brown has been detained at the D.C. Jail since last Spring. He is now taking his prescribed medications (Celexa and Abilify), and by all accounts Mr. Brown has been a model inmate.

For the reasons discussed below, Mr. Brown respectfully requests the Court to impose a sentence of 18 months, followed by a period of Supervised Release of three years. Mr. Brown submits that the requested sentence is "sufficient, but not greater than necessary, to comply with the purposes" set forth in 18 U.S.C. §3553.

## DISCUSSION

1. **Overview**

In imposing the sentence in this case, the Court must consider all the factors set forth in

18 U.S.C. §3553(a).  *Gall v. United States*, 128 S. Ct. 586 (2007).   Pursuant to 18 U.S.C. §§

3562 and 3553(a) sentencing courts should consider the need for the sentence imposed

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

Specifically, courts should "impose a sentence sufficient, but not greater than necessary, to

comply with the purposes" set forth in Title 18 U.S.C. §3553(a).

Section 3553(a) further directs sentencing courts to consider the nature and circumstances

of the offense, the history and characteristics of the defendant, the range of sentences available,

the need to avoid unwanted sentencing disparities among defendants with similar records who

have been found guilty of similar conduct, and the need to provide restitution to any victims of

the offenses charged.

Pursuant to 18 U.S.C. § 3661:

No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purposes of imposing an appropriate sentence.

Section 3582 of Title 18 states that

[t]he court, in determining whether to impose a sentence of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in Section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.

Finally, as the Supreme Court reiterated in *Peppers v. United States*, 131 S Ct. 1229, 1240, "[i]t has been uniform and constant in the federal judicial tradition for the sentencing Judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Koon v. United States*, 518 U.S. 81, 113, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). Underlying this tradition is the principle that "the punishment should fit the offender and not merely the crime." *Williams v. New York*, 337 U.S. 241, 247 (1947); *see also Pennsylvania ex rel. Sullivan v. Ashe*, 302 U.S. 51, 5, 58 (1937)("For the determination of sentences, justice generally requires consideration of more than the particular acts by which the crime was committed and that there be taken into account the circumstances of the offense together with the character and propensities of the offender").

## 2. Advisory Guideline Calculation

The Probation Department, using the 2016 edition of the Sentencing Guidelines Manual, has concluded pursuant to U.S.S.G. 2A6.1 that the Total Offense Level in Mr. Brown's case is 13 and that Mr. Brown's Criminal History Category is VI. This calculation results in an advisory sentencing range of 33-41 months imprisonment.

Mr. Brown does not dispute the Probation Department's calculation of the advisory

guideline range in this case. As noted earlier, however, *eleven* of Mr. Brown's fourteen criminal history points derive from conduct that occurred during a 90 day time span, three months after Mr. Brown turned eighteen years old. Mr. Brown's classification as a Criminal History Category VI offender, therefore, is arguably overstated.

**3. Imposition of Sentence**

Pursuant to 18 U.S.C. §§ 3562 and 3553(a) sentencing courts should consider the need for the sentence imposed 1) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; 2) to afford adequate deterrence to criminal conduct; 3) to protect the public from further crimes of the defendant; and 4) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

**Nature of the Offense**

No-one, and certainly not Mr. Brown, disputes that threatening to use an explosive device is a serious offense. The maximum sentence for this offense, however, is 10 years; and, there is no mandatory minimum sentence under the statute. Congress therefore envisioned that some defendants receive probationary sentences under the statute.

Similarly, with a Base Offense Level of 12, the sentencing Commission envisioned that the appropriate period of imprisonment might be as low as 6 months after a guilty plea. As noted earlier, Mr. Brown is not seeking either a probationary sentence or a six month sentence in this case, but rather a sentence three times greater. There is no evidence  Mr. Brown ever actually possessed an explosive device.

**Mr. Brown's Background**

Mr. Brown is just 26 years old. As noted the Pre-Sentence Report, Mr. Brown had an unusually difficult childhood. To this day, he does not know the identity of his father. His mother – who had eight children, each of whom had a different father –  was in the throes of a severe addiction to cocaine at the time Mr. Brown was born. She continued to struggle with her addiction though out Mr. Brown's childhood. Her addiction became so severe that at the age of seven Mr. Brown was placed into the custody of his maternal grandparents. Mr. Brown, however, would still see his mother "on the street looking for drugs" almost on a daily basis. In 2007, she was committed to St. Elizabeths Psychiatric Hospital for nearly two years.

Perhaps not surprisingly, within a year of being placed with his grandparents at the age of seven Mr. Brown was diagnosed with Attention Deficit Hyperactivity Disorder (ADHD). As outlined in more detail in the Pre-Sentence Report, Mr. Brown underwent repeated psychiatric hospitalizations as a child, the longest of which lasted nearly two months. His psychiatric treatment included not only counseling sessions but also the administration of powerful antipsychotic drugs, such as Risperdal and Seroquel, and the antidepressant drug Celexa. Mr. Brown was not taking his medications at the time he committed the instant offense, and, of course, now realizes that he must be ever vigilant with his mental health treatment regimen. Mr. Brown is therefore requesting that the Court recommend he receive mental health treatment while serving the incarceration component of his sentence, and direct that he receive mental health treatment while serving the Supervised Release component of his sentence.

In addition to coping with serious mental health issues, Mr. Brown suffers from the debilitating effects of an addiction to "K2" (synthetic marijuana) and "Mollie" (MDMA). As noted in the Pre-Sentence Report, Mr. Brown has never received any substance abuse treatment. Mr.

6

Brown, therefore, is requesting that the Court recommend that he receive substance abuse treatment while serving the incarceration component of his sentence, and direct that he receive substance abuse treatment while serving the Supervised Release component of his sentence.

Mr. Brown understands he has reached a crossroad in his young life. He can't escape his past but he is committed to a brighter future. For the forgoing reasons, therefore, pursuant to the sentencing factors set forth in 18 U.S.C. §3553(a) and in light of sentencing factors set forth in 18 U.S.C. §3553(a) as delineated in *Rita v. United States*, 127 S. Ct. 2456 (2007), *Kimbrough v. United States*, 128 S. Ct. 558 (2007) and *Gall v. United States*, 128 S. Ct. 586 (2007), Mr. Brown respectfully requests the Court to impose a sentence of 18 months, followed by a three year period of Supervised Release. Mr. Brown submits that the requested sentence is "sufficient, but not greater than necessary, to comply with the purposes" set forth in 18 U.S.C. §3553.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER


_____/S/_____
David W. Bos
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, DC  20004
(202) 208-7500